**Catherine M. Clayton**
**GIBBONS P.C.**
One Pennsylvania Plaza
New York, New York 10019
(212) 643.2071

*Attorneys for Plaintiff,*
*Cohen & Steers Capital*
*Management, Inc.*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COHEN & STEERS CAPITAL MANAGEMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> MALTUZI LLC, <br><br> Defendant. | **COMPLAINT** <br> **AND DEMAND FOR JURY TRIAL** <br><br> Civil Action No. _____ |

Plaintiff Cohen & Steers Capital Management, Inc. ("Cohen & Steers"), by its undersigned attorneys, for its Complaint in this action alleges as follows:

### THE PARTIES

1. Cohen & Steers is a corporation organized and existing under the laws of the State of New York having its principal place of business at 280 Park Avenue, 10th Floor, New York, NY 10017.

2. On information and belief, Maltuzi LLC ("Defendant") is a California Limited Liability Corporation having its principal place of business at 800 West El Camino Real, Suite 180, Mountain View, California 94040.

## JURISDICTION AND VENUE

3. This action arises under the Trademark Act of 1946, 15 U.S.C. §§ 1041, *et seq*.

4. The Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

5. This Court has personal jurisdiction over Defendant because Defendant has committed and threatens to commit trademark infringement and other torts in the United States and in this district; Defendant has caused injury to Cohen & Steers and its property in the United Sates and in this district; and Defendant has purposely and directly targeted its activities at the United States and at this district.

6. Venue is proper in this district under 28 U.S.C. § 1391.

## COHEN & STEERS' TRADEMARK RIGHTS

7. Established in 1986 by its current co-chairmen and co-chief executive officers, Martin Cohen and Robert H. Steers, Cohen & Steers is a leading manager of high-income equity portfolios, specializing in United States Real Estate Investment Trusts ("REITs"), international real estate securities, preferred stocks, utilities and large cap value stocks.

8. Cohen & Steers is headquartered in New York City and has offices in Brussels, Hong Kong, London and Seattle.

9. Cohen & Steers serves individual and institutional investors through a wide range of open-end mutual funds, closed-end mutual funds and institutional separate accounts. As of March 31, 2007, Cohen & Steers had over $33 billion in assets under management.

10. Cohen & Steers offers eleven (11) open-end mutual funds and ten (10) closed-end mutual funds, all of which are sold under the COHEN & STEERS mark. All ten (10) of the

close-end funds are listed on the New York Stock Exchange. More than three hundred fifty thousand (350,000) stockholders invest in the COHEN & STEERS branded funds.

11. Cohen & Steers is recognized as a pioneer in the field of REITs and, throughout its history, has been recognized as an innovator in developing income oriented equity portfolios and investment vehicles.

12. Since at least as early as July 1, 1986, Cohen & Steers has used its distinctive COHEN & STEERS trademark and trade name in United States commerce.

13. Cohen & Steers is the owner of United States Trademark Registration No. 2,959,826 for the mark COHEN & STEERS for "financial services; namely asset management and investment banking services." That registration is based on use since at least as early as July 1, 1986. A printout of the United States Patent and Trademark Office's Trademark Applications and Registrations Retrieval ("TARR") Database Record for that registration is annexed hereto as Exhibit A.

14. Cohen & Steers also is the owner of United States Trademark Registration No. 2,639,925 for COHEN & STEERS REALTY MAJORS for "publications, namely, newsletters, news releases, white papers, books, pamphlets, and brochures in the field of real estate investments; compiling and disseminating an index on the values and performances of real estate investments; providing access to a database of information on real estate investments." That registration is based on use since at least as early as April 1998. A printout of the United States Patent and Trademark Office's TARR Database Record for that registration is annexed hereto as Exhibit B.

15. By reason of more than twenty (20) years of continuous and exclusive use, as well as Cohen & Steers' expenditure of millions of dollars for marketing and promotion, the COHEN & STEERS mark has come to be famous and to symbolize extensive goodwill throughout the United States and abroad.

16. Articles featuring Cohen & Steers have appeared in numerous publications, including <u>The New York Times</u>, <u>Forbes</u>, <u>Barron's</u>, <u>Money</u>, <u>Smart Money</u>, and <u>Real Estate Portfolio</u>. Representative examples of such articles are annexed hereto as Exhibit C.

17. Cohen & Steers provides information about its business and services to the public through its Web site posted at www.cohenandsteers.com, and in other ways customary in the trade.

18. On information and belief, Defendant is in the business of registering domain names for the purpose of reselling them for profit. Annexed hereto as Exhibit D is a printout from Defendant's www.maltuzi.com Web site, which states that "Maltuzi, LLC is a domain name holding company. We own more than 100,000 domain names and generate revenue from the sale of advertising and domain names."

19. On information and belief, Defendant is the registrant of more than 320,000 domain names, at least several hundreds of which comprise third party trademarks or common misspellings of third party trademarks.

20. On information and belief, Defendant registered the domain name cohenandsteer.com on or about January 29, 2007.

21. Defendant's Web site posted at www.cohenandsteer.com uses the term COHENANDSTEER.COM as a trademark for, *inter alia*, information services in the fields of finance and investment. Printouts showing the pages posted at www.cohenandsteer.com are annexed hereto as Exhibit E.

22. On information and belief, Defendant has used and is using the domain name cohenandsteer.com and the trademark COHENANDSTEER.COM to identify and attract attention to existing or planned businesses owned or operated by defendant and to interfere with and disrupt the business and operations of Cohen & Steers operating in United States commerce.

23. On information and belief, Defendant adopted and commenced use of the domain name cohenandsteer.com and the trademark COHENANDSTEER.COM in bad faith, with full knowledge of Cohen & Steers' prior and longstanding use of COHEN & STEERS, and with specific intent to injure Cohen & Steers and to attempt to extort money from it.

### FIRST CAUSE OF ACTION
### (TRADEMARK INFRINGEMENT UNDER FEDERAL LAW)

24. Paragraphs 1-23, above, are realleged and reincorporated herein by reference as if set forth in full.

25. Defendant's use and threatened continued use of the domain name cohenandsteer.com and the trademark COHENANDSTEER.COM is likely to cause confusion, to cause mistake and to deceive as to the source, origin or sponsorship of Defendant's business and services.

26. Defendant's use and threatened continued use of the domain name cohenandsteer.com and the trademark COHENANDSTEER.COM constitutes a false designation of origin and a false description and representation of Defendant's business and services.

27. Defendant's use and threatened continued use of the domain name cohenandsteer.com has caused and threatens Cohen & Steers with irreparable injury for which it has no adequate remedy at law.

28. Defendant is liable to Cohen & Steers for violations of Section 43(a) of the Trademark Act, 15 U.S.C. § 1125(a).

## SECOND CAUSE OF ACTION
### (DILUTION UNDER FEDERAL LAW)

29. Paragraphs 1-28, above, are realleged and incorporated herein by reference as if set forth in full.

30. The conduct of Defendant is likely to injure Cohen & Steers' business reputation and dilute the distinctive quality of Cohen & Steers' famous COHEN & STEERS mark.

31. Defendant is liable to Cohen & Steers for dilution in violation of Section 43(c) of the Trademark Act, 15 U.S.C. § 1125(c).

## THIRD CAUSE OF ACTION
### (CYBERSQUATTING UNDER FEDERAL LAW)

32. Paragraphs 1-31, above, are realleged and incorporated herein by reference as if set forth in full.

33. Defendant is liable to Cohen & Steers for cybersquatting in violation of Section 43(d)(1)(A) of the Trademark Act, 15 U.S.C. § 1125(d)(1)(A).

## FOURTH CAUSE OF ACTION
### (DECEPTIVE ACTS AND PRACTICES UNLAWFUL UNDER NEW YORK STATE LAW)

34. Paragraphs 1-33, above, are realleged and incorporated herein by reference as if set forth in full.

35. Defendant is liable to Cohen & Steers for deceptive acts or practices unlawful in violation of N.Y. Gen. Bus. Law § 349.

## FIFTH CAUSE OF ACTION
### (FALSE ADVERTISING UNDER NEW YORK STATE LAW)

36. Paragraphs 1-35, above, are realleged and incorporated herein by reference as if set forth in full.

37. Defendant is liable to Cohen & Steers for false advertising in violation of N.Y. Gen. Bus. Law § 350.

## SIXTH CAUSE OF ACTION
### (INJURY TO BUSINESS REPUTATION AND DILUTION UNDER NEW YORK STATE LAW)

38. Paragraphs 1-37, above, are realleged and incorporated herein by reference as if set forth in full.

39. Defendant is liable to Cohen & Steers for violations of N.Y. Gen. Bus. Law § 360-l.

## SEVENTH CAUSE OF ACTION
### (UNFAIR COMPETITION UNDER NEW YORK COMMON LAW)

40. Paragraphs 1-39, above, are realleged and incorporated herein by reference as if set forth in full.

41. Defendant is liable to Cohen & Steers for unfair competition under New York Law.

## EIGHTH CAUSE OF ACTION
### (MISAPPROPRIATION UNDER NEW YORK COMMON LAW)

42. Paragraphs 1-41, above, are realleged and incorporated herein by reference as if set forth in full.

43. Cohen & Steers has a property interest in its name, reputation and goodwill which Cohen & Steers, at significant expense, has built up through its use, advertising and promotion of the COHEN & STEERS mark.

44. The conduct of Defendant is commercially immoral and constitutes an attempt to profit from the labor, skill, expenditures, name and reputation of Cohen & Steers.

45. Defendant is liable to Cohen & Steers for misappropriation under New York Law.

WHEREFORE, Cohen & Steers prays that the Court:

(i) preliminarily and permanently enjoin Defendant's acts of trademark infringement, dilution, cybersquatting, unfair competition wrongful interference, prima facie tort and misappropriation;

(ii) declare, adjudge and decree that Defendant's use of COHENANDSTEER and COHENANDSTEERS as part of any Internet domain name constitutes trademark infringement,

dilution, cybersquatting, unfair competition wrongful interference, prima facie tort and misappropriation;

    (iii)    award Cohen & Steers compensatory damages as provided by law;

    (iv)    award Cohen & Steers statutory damages as provided by law;

    (v)    award Cohen & Steers punitive damages as provided by law;

    (vii)    award Cohen & Steers its costs, disbursements, and attorneys' fees incurred in bringing this action; and

    (viii)    award Cohen & Steers such other and further relief as the Court may deem just and proper.

Dated: New York, New York
June 18, 2007

Respectfully submitted,

**GIBBONS P.C.**

By: _____
Catherine M. Clayton (CC5575)
GIBBONS P.C.
One Pennsylvania Plaza
37TH Floor
New York, NY 10119
Tel: 212.613.2071
*Attorneys for Plaintiff,*
*Cohen & Steers Capital Management, Inc.*